STATE, RESPONDENT, *v.* CORNISH ET AL., APPELLANTS.

(No. 5,655.)

(Submitted March 27, 1925.  Decided April 18, 1925.)

[235 Pac. 702.]

*Criminal Law—Intoxicating Liquors—Unlawful Sale—Evidence—Insufficiency.*

Trial—County Attorney—Argument — Improper Language — Not Reviewable in Absence of Objection.
1. In the absence of objection to alleged improper language used by the prosecuting attorney in his argument to the jury, error cannot be predicated thereon.

Same—Improper Remarks by County Attorney—Objection—Admonition by Court to Disregard—Nonprejudice.
2. Where upon objection to statements of the prosecuting attorney the court admonished the jury to disregard the statements, the defendant will be held not to have been prejudiced thereby.

Intoxicating Liquors—Charge Against Husband and Wife—Evidence as to Wife Held Insufficient.
3. In a prosecution against husband and wife for the unlawful sale of intoxicating liquor, evidence showing that while the wife was present at their home where the sale was made by the husband, all she did was to refer the buyer to him upon request for the liquor, remaining otherwise passive, *held* insufficient to justify her conviction on the theory that by her presence and acquiescence in what was done by the husband she was guilty as a principal under section 10732, Revised Codes of 1921.

Criminal Law, 16 C. J., sec. 2271, p. 917, n. 67; 17 C. J., sec. 3332, p. 62, n. 94.
Intoxicating Liquors, 33 C. J., sec. 531, p. 778, n. 65.

*Appeal from District Court, Yellowstone County; Robert C. Stong, Judge.*

NELL CORNISH and D. L. Cornish were convicted of unlawfully selling intoxicating liquor, and they appeal.  Judgment affirmed as to D. L. Cornish; reversed and remanded as to Nell Cornish.

1. See 2 R. C. L. 438.
2. See 2 R. C. L. 436.
3. Criminal responsibility of husband for violation of liquor law by wife, see notes in 19 A. L. R. 136; 27 A. L. R. 312. See, also, 15 R. C. L. 356.

*Mr. H. C. Crippen* and *Mr. F. G. Huntington,* for Appellant, submitted a brief; *Mr. Crippen* argued the cause orally.

*Mr. L. A. Foot* and *Mr. Donovan Worden,* for the State, submitted a brief; *Mr. A. H. Angstman,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

By information the defendants were jointly charged with the crime of "unlawfully selling intoxicating liquor." Pleas of "not guilty" having been entered by the accused, they were tried jointly by a jury, which by its verdict found both defendants guilty, leaving punishment to be fixed by the court. The court imposed a sentence upon each of the defendants of "six months" in the county jail, and "to pay a fine of two hundred dollars." Judgment was separately entered as to each of the defendants accordingly. Motions for a new trial were separately made and by the court denied as to each of the defendants. Independent appeals from the judgments were prosecuted by the defendants. The cases of each have been presented on a single record, and were briefed and argued together.

From a careful examination of the record we are of opinion that none of the assignments of error affecting the appellant D. L. Cornish are meritorious. Appellant's brief does not exhibit the same painstaking work heretofore noted on the part of the defendants' senior counsel. In this instance the argument is not logically presented on the errors specified, and the brief is loosely written.

Misconduct of the attorney general is urged as reason [1, 2] for a reversal as to both of the defendants. However, no specification of error is based thereon, and from an examination of the record it appears that defendants' counsel did not protect his clients by objection to the ob-

noxious language employed by the attorney general in his concluding argument to the jury. In the single instance during the progress of the trial, when objection was interposed to the statements of the prosecuting officer, the jury were by the court admonished not to pay any heed thereto. Under the circumstances 'upon that particular occurrence the court did all it could to protect the defendants from possible prejudice in the minds of the jury resulting from the attorney general's language.

In the condition of the record and the assignments of error relied upon for a reversal of the cases we find but one meritorious question presented, and that affects only the defendant Nell Cornish. Was the evidence against her sufficient to sustain the verdict? There is no contention made that the evidence was not sufficient to sustain a conviction of the defendant D. L. Cornish. As to him there is a sharp conflict in the evidence.

The defendants are husband and wife, and at the time [3] of the commission of the alleged offense they were living on a twenty-acre farm about four miles west of the city of Billings in a small house consisting of four rooms and a bath. Mrs. Cornish had for some time prior to the day in question been serving chicken dinners at their home in order to assist in making a living and in paying off a mortgage indebtedness on the property. On the evening of April 12, 1924, the state's only witnesses, B. A. Myers and Edwin C. Merris, state prohibition officers, were in company with Mr. and Mrs. Crosser, Zeke Rice and Mrs. Humphry. All were drinking and indulging in a sociable time. After dancing at the "Tavern Dance Hall" in Billings and riding around the city in an automobile, some time after 9 o'clock it was proposed that they should go to the defendants' place. Accordingly they motored out there, and after arrival indulged in drinking and dancing for a while. During their stay at the defendants' place the party were served by the

[73 Mont. 205.]

defendant D. L. Cornish with at least three rounds of drinks. There is sharp conflict in the evidence as to whether the whisky was brought to the defendants' place by the visiting party or was provided by the defendant D. L. Cornish and by him sold and served to the party. The only evidence whatsoever reflecting upon the conduct of the defendant Nell Cornish is the following: B. A. Myers, for the state, testified: "We danced, and Mr. Crosser ordered a drink from the defendant Nell Cornish, but she referred him to the man, the defendant Cornish. * * * We danced some more. * * * I then asked the lady if we might have a drink, and she referred me to the man Cornish, the defendant here. * * * After we got in Mrs. Cornish sat in the rocking-chair all of the time that we were there; that is, I do not remember of her getting up at any time. * * * Mr. Merris did not pay Mrs. Cornish any money. He either put the money on the tray or in the man's hand. I put mine in the man's hand. I noticed that Crosser put his money on the tray and the defendant Cornish picked it up."

Edwin C. Merris testified: "Mr. Myers ordered a round of drinks from the defendant Cornish. I am not positive whether he ordered the first drink or Mr. Crosser ordered it. The next drink was served by the defendant Cornish. I ordered a round of drinks later on from the defendant Cornish. * * * We stopped the car twenty-five or thirty feet from the house, and I believe both of the defendants came out to the car. I am sure that they both came out to the car. * * * I saw Crosser have a bottle of whisky several times, but, if he had a bottle this night, I didn't know it. I wouldn't say that the whisky served to us didn't come from Crosser's bottle. The whisky came from the kitchen, and was served to us in glasses. We didn't endeavor to get a bottle. We thought we had enough drinks. I would say that Myers was absolutely sober. I didn't give

Mrs. Cornish any money, and I didn't see Zeke Rice give her any money. The money I paid for drinks I dropped on the tray. I asked Mr. Cornish how much, and he said $3, and I dropped $3 on the tray, and the defendant took the $3 and put it in his pocket.''

Upon this evidence the defendant Nell Cornish was found guilty and the verdict upheld by the trial court, apparently upon the theory that, while she did not actually sell or participate in the unlawful sale of the liquor, yet by her presence and acquiescence in what was done by her husband she is equally guilty as a principal under the statute. (Sec. 10732, Rev. Codes.) Such is the contention of the attorney general upon these appeals. With this we do not agree. Her mere presence in her own home, where it was her right as well as her duty to be, is no evidence of her guilt; nor is the fact that her husband sold and served intoxicating liquors in her presence without protest from her sufficient to justify her conviction. All she did, as disclosed by the testimony, was to *refer* Mr. Crosser and Mr. Myers to her husband when they asked that the party be served with whisky. At most the evidence against her indicates that she was personally present and passive. It is not sufficient to show affirmative action in the commission of the offense by her, and her conviction was not justifiable.

The judgment is affirmed as to D. L. Cornish. As respects the defendant Nell Cornish the judgment is reversed, and the cause remanded to the district court of Yellowstone county, with directions to dismiss the information against her.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.