No. 13384

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA OF THE
RELATION OF JAMES E. MURPHY,

Relator,

-vs-

THE HONORABLE LeROY L. McKINNON,
DISTRICT JUDGE OF THE TENTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA IN
AND FOR THE COUNTY OF FERGUS,

Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Berger, Anderson, Sinclair and Murphy, Billings,
Montana
Arnold Berger argued, Billings, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
John F. North appeared, Assistant Attorney General,
Helena, Montana
William A. Spoja, County Attorney, argued,
Lewistown, Montana

---

Submitted: June 7, 1976

Decided: NOV 17 1976

Filed: NOV 17 1976

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an original proceeding wherein relator James E. Murphy seeks a writ of supervisory control, on application from the district court of Fergus County.

The facts are: At approximately 9:00 a.m. on April 29, 1975, James Murphy, Edwin Rasmussen and Gary Smith entered the Roy Bar located in Roy, Montana. Seated at the far end of the bar was Ray Hamann, the owner and operator. Hamann had had dealings with the three men before and was to testify at a pending trial in which the three were named as defendants. This involved an altercation with other persons that had previously taken place in the Roy Bar. While Murphy and Smith seated themselves at the bar some distance from Hamann, Edwin Rasmussen walked up behind Hamann and jerked him off his bar stool. Three separate attacks by Rasmussen on Hamann followed over a short period of time, the last resulting in Hamann's death. During the course of these attacks, Gary Smith fled, but Murphy remained in the bar. After the third attack Murphy rendered assistance to Hamann and turned him over so that he would not choke on his own blood. He then told the barmaid Linda Alexander to call an ambulance. After the last attack on Hamann an unspecified amount of money was taken from the cash register by Edwin Rasmussen.

On May 5, 1975 motions supported by affidavits were made by the state for leave to file Informations direct, charging both Rasmussen and Murphy with deliberate homicide. The motions were allowed by the district court. An Information was filed against Edwin Rasmussen charging him with deliberate homicide pursuant to

section 94-5-102, R.C.M. 1947, as the result of his physical actions against Ray Hamann.

By separate Information Murphy was also charged with deliberate homicide by reason of his words and physical presence during the attacks on Ray Hamann. On May 15, 1975, an Amended Information was filed against Murphy, still charging him with deliberate homicide, but containing new allegations as to his role in the attacks. Specifically, he was charged:

> "* * * as accessory and principal [in that he either] purposely or knowingly caused the death of Ray Hamann [or in the alternative] as accessory and principal [in that he] caused the death of * * * Ray Hamann while engaged in the commission of a Felony-Tampering with a Witness, which felony involved the use or threat of physical force or violence against * * * Ray Hamann, or during the commission of or flight after the commission of Felony-Robbery." [Bracketed material paraphrased].

Subsequently the Information against Rasmussen was also amended to include additional charges of deliberate homicide as the result of robbery, and tampering with a witness.

Upon arraignment Murphy entered a plea of not guilty to the Amended Information. Rasmussen plead guilty to the charge against him and received a prison sentence. Thereafter, on April 15, 1976, Murphy filed several motions with the district court. These motions were:

1. Motion to dismiss the Amended Information upon the ground that the affidavit contained insufficient facts to support the filing of an Information.

2. Motion to suppress any statement or affidavit attributed to Ray Hamann.

3. Motion in limine to prohibit the state from asking certain questions of witnesses.

On April 23, 1976, the state filed an amended affidavit. On May 11, 1976, the district court denied all of Murphy's motions.

It is from a denial of these motions and the further contention the amended affidavit is still insufficient to support the Amended Information, that application is made to this Court for a writ of supervisory control.

First, we consider whether sufficient facts were before the district court to support the granting of leave to file an Information direct, charging Murphy with deliberate homicide.

Section 94-5-102(1), R.C.M. 1947 states:

"Deliberate homicide (1)  Except as provided in section 94-5-103(1)(a), criminal homicide constitutes deliberate homicide if:

"(a) it is committed purposely or knowingly; or

"(b)  it is committed while the offender is engaged in or is an accomplice in the commission of, or an attempt to commit, or flight after committing or attempting to commit robbery, sexual intercourse without consent, arson, burglary, kidnapping, felonious escape or any other felony which involves the use or threat of physical force or violence against any individual. "

Given the circumstances surrounding Rasmussen's attack on Ray Hamann, including the admission in the amended affidavit that "no other person struck or hit the said Ray Hamann to cause any injury to him", it necessarily follows that to determine whether sufficient facts exist to charge Murphy with deliberate homicide in either intentionally causing Hamann's death by kicking and beating pursuant to section 94-5-102(a), or as the result of tampering with a witness under section 94-5-102(b), we examine the statute on criminal accountability. That statute, section 94-2-107, R.C.M. 1947, reads in pertinent part:

- 4 -

"When accountability exists. A person is legally accountable for the conduct of another when:

"(1) having a mental state described by the statute defining the offense, he causes another to perform the conduct, regardless of the legal capacity or mental state of the other person; or

"(2) The statute defining the offense makes him so accountable; or

"(3) either before or during the commission of an offense, and with the purpose to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense. * * *

As to the sufficiency of the amended affidavit, we note it is well established that leave to file an Information direct may be granted only upon probable cause as evidenced by the affidavit before the district court, and any other evidence which the court may require. Section 95-1301(a), R.C.M. 1947; State ex rel. Bell v. District Court, 157 Mont. 35, 482 P.2d 557; State v. Dunn, 155 Mont. 319, 472 P.2d 288. Examination of the record reveals no supporting evidence other than the amended affidavit. Thus, in determining whether probable cause existed this Court is confined to the contents of the amended affidavit. Petition of Gray, 155 Mont. 510, 473 P.2d 532. The amended affidavit reads in relevant part:

"That prior to the attack by Edwin Rasmussen, there was a discussion between Edwin Rasmussen and Defendant, James Murphy, of the testimony of the said Ray Hamann to be given at a pending trial of State of Montana vs. Edwin Rasmussen and James Murphy on another charge (this according to admissions of the Defendant before your affiant and Sheriff Jack L. Songer); and,

"That immediately subsequent to said discussion the Defendant, Rasmussen and witness Gary Smith proceeded directly to the Roy Bar owned by the decedent and then Edwin Rasmussen, immediately upon entering, went forthwith to the decedent and attacked him, (this according to witnesses Alexander, Kalal and Smith); and,

"That thereafter Defendant, James Murphy, at no time took any physical steps to restrain Edwin Rasmussen but instead upon at least one occasion reprimanded the said Ray Hamann and said that 'he [Hamann] had this coming' or words to that effect. (Statements of Linda Alexander)"

- 5 -

We fail to see how such allegations can suffice to establish probable cause that Murphy committed deliberate homicide intentionally or as the result of witness tampering. The definitions of deliberate homicide and criminal accountability contemplate a more active role before a person can be charged as a principal or accessory to murder. The amended affidavit does not state as fact that Murphy went to the bar with the purpose of harming Hamann; it merely states he had discussed with Rasmussen the fact that Hamann was to testify at their pending trial. The affidavit states Murphy was in fact in the bar during Rasmussen's attacks on Hamann. However, this Court has long adhered to the principle that more than mere presence at the scene of a crime is necessary to establish criminal responsibility. State v. McComas, 85 Mont. 428 , 278 P. 993. Neither does the allegation that Murphy did little to stop the attacks but rather rendered an opinion that Hamann "had this coming" constitute sufficient evidence of criminal design and encouragement on the part of Murphy. The affidavit goes on to state as fact:

> "That Defendant, James Murphy, 1) encouraged by words the said Edwin Rasmussen, 2) planned the initial contact with the said Ray Hamann by the Defendant and others.* * *"

However such statements are not facts but only conclusions, conclusions not supported by other facts in the amended affidavit.

In summary, the Revised Commission Comment on section 95-1301, R.C.M. 1947, is appropriate. It states in pertinent part:

> "* * * Obtaining leave to file an information is not a mere perfunctory matter * * *. The application must be complete in itself, and contain such salient facts as will allow the district judge to make an independent determination that an offense has been committed."

See also: State ex rel. Bell v. District Court, 157 Mont. 35, 482 P.2d 557.

- 6 -

The amended affidavit before us fails this test, making an independent determination of probable cause by the district court impossible. This conclusion applies to both the charge of intentionally causing, as an accessory or principal, the death of Ray Hamann and to the alternative charge of being an accessory or principal to the death caused by tampering with a witness by means of force or violence.

The question of whether probable cause existed to believe Murphy committed deliberate homicide during the commission of robbery or flight thereafter, the relevant portion of the amended affidavit reads:

> "That in addition to the above, the said Rasmussen and Defendant, immediately after the attacks on Hamann, took and used certain cash money from the cash register and decedent's wallet and Rasmussen took certain liquor from the bar * * *."

In light of this portion of the amended affidavit and the other theories advanced by the state in its claim that Murphy committed deliberate homicide, we note with approval the following guidelines as to the applicability of the felony-murder rule stated in 1 Wharton's Criminal Law and Procedure (Anderson), §252, p. 543:

> "For the felony-murder rule to apply, it is necessary that the homicide be a natural and probable consequence of the commission or attempt to commit the felony; that the homicide be so closely connected with such other crime as to be within the res gestae thereof; or the natural or necessary result of the unlawful act; or that it be one of the causes.* * *
>
> "Something more than a mere coincidence of time and place between the wrongful act and the death is necessary. It must appear that there was such actual legal relation between the killing and the crime committed or attempted that the killing can be said to have occurred as a part of the perpetration of the crime, or in furtherance of an attempt or purpose to commit it."

Thus for the felony-murder rule to apply a causal connection between the felonious act and the death must be present. State v. Schwensen,

237 Ore. 506, 392 P.2d 328; Commonwealth v. Redline, 391 Pa. 486, 137 A.2d 472; People v. Hardy, 33 C.2d 52, 198 P.2d 865; State v. Diebold, 152 Wash. 68, 277 P. 394.

Examining the amended affidavit as a whole and the section pertaining to the alleged robbery in particular, we find causal connection lacking for several reasons: First, the mere allegation that the robbery occurred "immediately" after the attacks is not sufficient by itself to establish probable cause to believe the attacks were in perpetration. Second, this is especially so in light of the inconsistent theory advanced by the state that the attacks were in fact retaliation for Hamann's planned appearance as a witness at a pending trial. Third, if we are to believe that the attacks may have had a two-fold purpose, the intimidation of Hamann and robbery, the amended affidavit still contains insufficient facts upon which to base probable cause.

Holding that probable cause did not exist for filing an Information against relator Murphy under any of the theories advanced by the state, this Court does not reach the other issues raised by his application.

The writ will issue with direction to dismiss the charge under consideration with prejudice.

_____

Justice

We Concur:

_____

_____

_____
Justices

_____
Hon. Gordon Bennett, district
judge, sitting in place of Mr.
Chief Justice James T. Harrison.