JUSTICE COTTER,
dissenting.
¶41 The Court concludes that the District Court and the attorneys on both sides of the case generally agreed about how the facts related to and established felony murder. Opinion, ¶ 28. Respectfully, I disagree. There was confusion — not agreement — about what constituted the predicate felony for the felony murder charge. In addition, there was a failure of proof of a causal connection between the two crimes so as to satisfy the requirements of the felony murder rule.
¶42 At ¶ 6, the Court asserts that the State charged the aggravated assault upon Wallin as the underlying felony to support the felony murder charge; notably, the Court does not state whether it was Spotted Horse’s aggravated assault of Wallin or Russell’s aggravated assault of Wallin that constituted the predicate offense. (Both were charged with aggravated assault.) Trial counsel Penny Strong testified that the basis of the felony murder charge against Russell was that Russell started the chain of events by giving his knife to Spotted Wolf, who used it in the initial assault upon Wallin. Opinion, ¶ 11. The District Court concluded that the predicate felony was Spotted Wolfs assault on Wallin. Opinion, ¶ 20. However, this Court concluded in Russell’s direct appeal that the predicate offense was Russell’s assault upon Wallin. Russell I, ¶ 28. The fact that there is still no clarity about whose offense constituted the predicate for the felony murder charge against Russell underscores the flaw in the manner in which this case was charged and tried, and the ineffective assistance of trial counsel in failing to grasp the elements of the felony murder rule and pin down who committed the predicate offense.
¶43 If as the District Court concluded, the predicate felony was Spotted Wolfs assault on Wallin, then under § 45-5-102(l)(b), MCA, it *72 would arguably be he who would be guilty of felony murder, not Russell, because he would be the person who committed a felony and in the course of that felony became accountable for the death of Gewanski. Spotted Wolfs malicious intent for the predicate offense cannot be transferred to Russell. As we stated in State v. Weinberger, 206 Mont. 110, 115, 671 P.2d 567, 569 (1983): “In adjudging a felony-murder, it is to be remembered at all times that the thing which is imputed to a felon for a killing incidental to his felony is malice and not the act of killing.” (Emphasis added).
¶44 I also submit trial counsel was ineffective for failing to challenge the charge of felony homicide given the circumstances of the two crimes. Regardless of whose act constituted the predicate offense, the fact is that no causal connection existed between the aggravated assault on Wallin and the death of Gewanski. According to Spotted Wolfs testimony at trial, after he and Russell slashed and stabbed Wallin, he and Russell then decided “to go around to the other side [of the building] and just leave out to the North Side”; however, when they discovered their passage through that end of the alley was blocked, “we just stopped for, you know, not too long, we just stood there and then, you know, [Russell] went over here ... [and] he was hitting another person” (Gewanski). Russell, ¶ 51 (Nelson, J., dissenting).
¶45 In order for the felony murder rule to apply, “a causal connection between the felonious act and the death must be present.” State ex rel. Murphy v. McKinnon, 171 Mont. 120, 127, 556 P.2d 906, 910 (1976). As Justice Nelson observed in his dissent in ¶ 53 of Russell I, we quoted with approval these statements by the Pennsylvania Supreme Court in State v. Weinberger, 206 Mont. 110, 671 P.2d 567 (1983):
The mere coincidence of homicide and felony is not enough to satisfy the requirements of the felony-murder doctrine. It is necessary ... to show that the conduct causing death was done in furtherance of the design to commit the felony. Death must be a consequence of the felony... and not merely coincidence. (Internal quotations omitted.)
The facts as related by Spotted Wolf simply do not establish that the stabbing of Gewanski was done “in furtherance of the design to commit” a robbery or assault upon Wallin. Gewanski’s death was not a consequence of the assault upon Wallin; his death was the result of a spontaneous drunken decision by Russell to kill a person sleeping by a dumpster who had no connection whatsoever to Wallin.
¶46 For these reasons, I would conclude that trial counsel was ineffective. I would further conclude that appellate counsel was ineffective for failing to challenge the State’s proof of a causal *73 connection between the two crimes so as to justify the felony murder conviction, as well as the District Court’s conclusion that it was Spotted Wolfs actions that constituted the predicate felony for the charge of felony murder against Russell. I therefore dissent from the Court’s Opinion. I would add that all of these problems could have been forestalled had the State charged and tried this case in a straightforward manner in the first place.
JUSTICE McKINNON joins in the Dissent of JUSTICE COTTER.