The STATE OF MONTANA, Plaintiff and Appellant, v. RICHARD TROGLIA, Defendant and Respondent.

No. 11881.
Decided March 9, 1971.
482 P.2d 143

Robert L. Woodahl, Atty. Gen., J. C. Weingartner (argued), Asst. Atty. Gen., Helena, and Lawrence G. Stimatz, County Atty., Butte, for plaintiff and appellant.

John T. Mullany (argued), Butte, for defendant and respondent.

The HONORABLE SID G. STEWART, District Judge, sitting in place of MR. JUSTICE JOHN C. HARRISON, delivered the Opinion of the Court.

From a judgment granting a motion to suppress evidence, entered in the District Court of the Second Judicial District of the State of Montana, in and for the County of Silver Bow, the State of Montana appealed.

On August 11, 1969, Silver Bow County law enforcement personnel searched the premises of Richard Troglia (hereinafter referred to as respondent) under the authority of a search warrant, issued by Justice of the Peace, J. J. Winston. A quantity of dangerous drugs was found in the respondent's residence, at 1923 Thorton Avenue, Butte, Montana.

The respondent was charged with violating the provisions of the Montana Dangerous Drug Act, section 54-133, R.C.M.1947, namely, possessing dangerous drugs. The motion for leave to file information was granted on August 28, 1969. Respondent entered a plea of not guilty on September 2, 1969.

On February 27, 1970, respondent filed a motion to suppress the evidence found during the search, contending that the application for the search warrant was defective and did not satisfy the requirements of recent United States Supreme Court decisions.

On March 10, 1970, the Honorable James D. Freebourn granted respondent's motion and suppressed the evidence. The State of Montana (hereinafter referred to as appellant) appeals from that order pursuant to section 95-2403, R.C.M.1947.

The application for search warrant read as follows:

"On August 11th, 1969, Dewey Burns has personally appeared before me and having been sworn, deposes and says:

"That the offense of having in their possession certain dangerous drugs has been committed:

"That he has good reason to believe and does believe that in and upon certain premises within the County of Silver Bow, State of Montana, particularly described as follows, 1923 Thor-

24

ton Ave., Butte, Montana, County of Silver Bow, there have been and are now located certain items of personal property which are evidence in the offense of having in their possession certain dangerous drugs and are particularly described as being, certain dangerous drugs and marijuana.

"That the facts which are the grounds of this application and upon which applicant relies to establish probable cause for the issuance of a search warrant are: Affiant has been informed by two confidential reliable informants that narcotics and dangerous drugs are concealed on premises described as follows: 1923 Thorton Avenue, Butte, Silver Bow County, Montana. Affiant has concluded that the informants are reliable and credible because the informants are personally known to the affiant. Also the informants are upstanding members of the community and have never been convicted of a felony. The underlying circumstances relied upon by the informant are:

"The informant has previously frequented the premises aforementioned and has observed narcotics and other dangerous drugs on the premises and has been informed that narcotics and dangerous drugs are present on the premises at the present time.

"Richard Troglia is known to this affiant and to other local law enforcement officers as a narcotics and dangerous drug user and is known to have had narcotics and dangerous drugs in his possession and upon his premises, and is known to this officer and other local law enforcement officers as an associate of narcotics and dangerous drug users.

"Therefore, the applicant requests that a search warrant be issued authorizing a search of the described premises in the manner provided by law.

"/s/ Dewey Burns, Applicant

"Sworn to and subscribed before me on August 11, 1969

"/s/ J. J. Winston, Judge."

The United States Supreme Court, in the cases of Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, have together set out the requirements as to what

is necessary to be contained in a sworn application, or affidavit, in order for a magistrate to consider, or issue, a search warrant, which decisions were discussed at length by this Court in State ex rel. Glantz v. District Court, 154 Mont. 132, 461 P.2d 193 and State v. Bentley, 156 Mont. 129, 477 P.2d 345, 27 St.Rep. 760.

*Aguilar* set out the rule as follows:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, was 'credible' or his information 'reliable.' "

The *Spinelli* decision affirmed the *Aguilar* requirements, and in commenting upon hearsay reports, Justice White, concurring with the majority opinion, stated:

"If the affidavit rests on hearsay—an informant's report— what is necessary under Aguilar is one of two things: the informant must declare either (1) that he has himself seen or perceived the fact or facts asserted; or (2) that his information is hearsay, but there is good reason for believing it—perhaps one of the usual grounds for crediting hearsay information. The first presents few problems: since the report, although hearsay, purports to be first-hand observation, remaining doubt centers on the honesty of the informant, and that worry is dissipated by the officer's previous experience with the informant. The other basis for accepting the informant's report is more complicated. But if, for example, the informer's hearsay comes from one of the actors in the crime in the nature of admission against interest, the affidavit giving this information should be held sufficient."

The court in the majority opinion said:

"In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation."

The court further set out the standards for reviewing magistrate's decisions in granting the application for search warrants in the following language:

"In holding as we have done, we do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, Beck v. Ohio, 379 U.S. 89, 96, 5 S.Ct. 223, 22, 13 L.Ed2d 142 [147] (1964); that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, McCray v. Illinois, 386 U.S. 300, 311, 87 S.Ct. 1056, 1062 [18 L.Ed.2d 62, 70] (1967); that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 745 [13 L.Ed.2d 684, 688] (1965); and that their determination of probable cause should be paid great deference by reviewing courts, Jones v. United States, 362 U.S. 257, 270-271, 80 S.Ct. 725, 735-736, 4 L.Ed.2d 697, 707, 708 [78 A.L.R.2d 233] (1960)."

In the case now under consideration this Court finds that in applying all of the requirements of *Aguilar* and *Spinelli* that by means of the application, or affidavit presented to the magistrate he was advised:

(1) That the hearsay information given to Officer Burns was the direct personal observations of the informant, together with reliable information as to the present status of the situation.

(2)   That informants are reliable and credible, not only because of Officer Burns' personal acquaintance with them, but also they are upstanding members of the community and have never been convicted of a felony.

(3)   The corroborative statement of Officer Burns, and other law enforcement officers, that the person to be searched is a dangerous drug user and associate of narcotic and dangerous drug users. This statement alone would not be sufficient to justify the magistrate to issue a warrant, but as part of a complete statement of facts, and to corroborate the informants' information, it is certainly pertinent and important, as corroboration, in the presentation of the application for the search warrant.

Therefore, all of the requirements of the *Aguilar* and *Spinelli* decisions having been complied with, it is the ruling of this Court that the application filed with Justice of the Peace J. J. Winston was sufficient for the issuance of the search warrant, and that the motion to suppress the evidence obtained under that warrant should have been denied.

The cause is remanded to the district court for proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DALY, HASWELL, and CASTLES, concur.