THE STATE OF MONTANA EX REL. DOUGLAS JAMES BELL, RELATOR, *v.* THE DISTRICT COURT OF THE TWELFTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF BLAINE, AND THE HONORABLE BERNARD W. THOMAS, JUDGE THEREOF, RESPONDENTS.

No. 11990.
Submitted February 10, 1971.
Argued March 11, 1971.
482 P.2d 557.

Gordon E. Hoven, Havre, argued, for appellant.

Robert L. Woodahl, Atty. Gen., Patrick Brophy, Asst. Atty. Gen., Helena, argued, William Solem, County Atty., Chinook, for respondent.

PER CURIAM:

This is an original proceeding seeking a writ of supervisory control. We issued an order to show cause on ex parte application. Return was made and argument had.

Relator is the defendant in the case of State of Montana v. Douglas James Bell, in the Twelfth Judicial District of Blaine County where he is charged with two counts of rape.

On June 16, 1970, the county attorney filed his application for leave to file information direct, and supported such motion by an affidavit. Leave was granted and the information filed. Relator was arraigned and plead not guilty to both counts.

Relator on December 1, 1970 filed a motion to dismiss and vacate the trial setting of December 15, 1970. On December 8, 1970, relator moved respondent District Court to grant the motion on the grounds that the information on file was not supported by an affidavit sufficient for the jurisdiction. Relator then alleged that the district court does not have jurisdiction because the transcript shows the alleged crime took place on an Indian reservation and relator is an Indian. The district court denied the motion to dismiss and vacate the setting and relator then brought this action.

Since there is nothing in the transcripts of the initial appear-

ance or the arraignment to show that the alleged crime was committed on an Indian reservation or that defendant is an Indian, we cannot make a determination as to whether or not the district court has jurisdiction. Therefore the only issues to be decided are whether or not the affidavit was sufficient for the district court to determine whether it had jurisdiction; and whether or not the affidavit contains sufficient facts to show probable cause that an offense had been committed by the relator.

■■ As to the first issue, relator claims that since the affidavit only specifies the alleged offense took place within the County of Blaine, and the Fort Belknap Indian Reservation is located in Blaine County, that the place of the alleged offense be set out in such detail that the court can determine if it has jurisdiction. In State v. Spotted Hawk, 22 Mont. 33, 55 P. 1026, this Court established the rule that an information charging the commission of an offense in a county in which there is a United States military reservation need not show that the offense was not committed on such reservation because, if the court be without jurisdiction, the question could be raised at the trial. This rule is not changed even under the new Code of Criminal Procedure. The jurisdiction of the federal courts need not be negated in an information. State v. Tully, 31 Mont. 365, 78 P. 760. Therefore, even though the affidavit did not specify whether the alleged offense occurred on a reservation, we hold it was sufficient for the district court to determine whether it had jurisdiction.

As to the second issue, whether the affidavit contained sufficient facts to show probable cause, the controlling statute is section 95-1301, R.C.M.1947, which reads as follows:

"(a) The county attorney may apply directly to the district court for permission to file an information against a named defendant. The application must be by affidavit supported by such evidence as the judge may require. If it appears that there is

probable cause to believe that an offense has been committed by the defendant the judge shall grant leave to file the information, otherwise the application shall be denied.''

The comment by the Criminal Law Commission in regard to this section states that:

''The application must be complete in itself, and contain such salient facts as will allow the district judge to make an independent determination that an offense has been committed.''

■■  Here, the application by affidavit simply states that on or about June 7, 1970, the defendant at the County of Blaine committed the offense of rape in that he had sexual intercourse with a female child not his spouse under the age of 18 years. This information in itself would seem insufficient to establish probable cause. The application may be supported by other evidence as the district judge may require in order to move his discretion. But there is nothing in the record to show that the state has sufficient facts to establish probable cause for filing the information direct. There is colloquy in the transcript of proceedings not under oath on June 16, 1970, as follows:

''THE COURT:  *  *  *  Mr. Hendrickson, you have already related to me in general the evidence upon which you have rely (sic) and it's my understanding that you have a witness who will establish that the offense was committed and that you have physical evidence and evidence by way of admissions made by the Defendant to a third party which will tie the defendant in with the commission of the offense, is that correct?

''MR. HENDRICKSON: Yes, Your Honor, the person who was with him has informed us and we have a statement from him stating that it was the Defendant who did commit the acts.

''THE COURT: Very well, there appears to be sufficient cause for the filing of the information and leave will be granted.''

The conclusions contained in the foregoing dialogue taken together with the affidavit do not establish probable cause that this defendant committed this offense at a specified time and

place. It could very well be that the district judge is apprised of all the salient facts but there is nothing in the record for this Court to determine whether or not he abused his discretion.

We hold the failure of the county attorney to establish probable cause in either the application for leave to file direct or the record does prevent the defendant from preparing his defense and for this reason we order that the district court require additional facts which will be sufficient to establish probable cause. Also, that a more specific statement of the time and place of the alleged offense be made part of the application so as to insure the defendant protection from double jeopardy.

We will simply repeat the Commission's comments:

"The application must be complete in itself, and contain such salient facts as will allow the district judge to make an independent determination * * *."

We remand this cause to the district court for further proceedings on the motion to dismiss with that court to allow refiling, amendment, preliminary hearing or such other procedure not inconsistent with what has been said herein.