No. 14776

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

DONALD R. MATTHEWS,

Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Jack Lowe, Helena, Montana

For Respondent:

D. R. Matthews, Missoula, Montana
Anthony F. Keast, Missoula, Montana

---

Submitted on Briefs:  July 16, 1979

Decided: SEP 2  1979

Filed: SEP 2  1979

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The State of Montana filed an information in District Court charging respondent Donald R. Matthews with two criminal offenses. The District Court granted respondent's motion to dismiss. From that order the State appeals.

On January 25, 1979, attorneys working for the Commissioner of Campaign Finances and Practices brought criminal charges under the Campaign Finances and Practices Act (MCPA), sections 13-35-101 through 13-37-231, MCA, against Donald R. Matthews, respondent. Based upon an affidavit, leave to file an information was granted by the District Court and an arraignment date was set. The affidavit did not set forth the facts that the State had offered the Missoula County Attorney an opportunity to prosecute the case and that he had waived his right to do so as required by section 13-37-124, MCA. Appellant had, however, declined to prosecute the respondent as evidenced by an affidavit of the Missoula County Attorney.

Respondent filed several motions to dismiss and both parties filed briefs. Acting upon these motions, another district judge in the district in which the information was filed, dismissed the charge. The precise language of this ruling was as follows:

> "Defendant's Motion to Dismiss for Lack of Jurisdiction is granted for the reason that the Affidavit for Leave to File an Information does not show that the requirements of section 13-37-124 MCA have been met."

Appellant orally moved the court for leave to amend the affidavit but this was refused. The defendant did not enter a plea. This appeal was brought as refiling in District Court would constitute double jeopardy under the provisions of section 46-11-503(2), MCA.

The issues presented on appeal are:

1. In an action brought under the MCPA does the failure

- 2 -

to recite the fact that the case was first offered to the county attorney in the affidavit deprive the District Court of jurisdiction?

2. Does one judge of a District Court have authority to dismiss a criminal action where another judge of coordinate jurisdiction has granted leave to file an information?

Section 13-37-111, MCA, gives the Commissioner of Campaign Finances and Practices (Commissioner) the responsibility of enforcing the state's election laws. This responsibility is to be exercised in conjunction with the county attorneys of the state. This includes a procedure whereby in any prosecution under the MCPA the county attorney must be notified and given the opportunity to initiate the appropriate action. If the county attorney fails to initiate any action within 30 days or if he waives his right to prosecute, the Commissioner may initiate the appropriate action. Section 13-37-124, MCA.

This case was initiated by a member of the Commissioner's staff. The method used was by leave to file an information supported by an affidavit. The purpose of an affidavit is to establish probable cause. Section 46-11-201(1). There is nothing in this statute which indicates that an affidavit must allege jurisdiction. The District Court's jurisdiction in criminal matters is granted by the Constitution of Montana. Art. VII, Section 4. Jurisdiction is also given to the District Courts by statute in section 46-2-201, MCA, and in this case by section 13-37-113, MCA, which provides that all prosecutions under the MCPA must be brought in District Court. Finally, section 46-2-101, MCA, confers jurisdiction upon state courts in general when the offense charged is committed within the state.

While it is true that the Commissioner must offer the prosecution to the county attorney in a case under the MCPA, there is no indication in any of the above cited statutes that a failure

to recite such a fact in the State's affidavit or information will deprive the District Court of jurisdiction. In this case the prosecution was initiated by the information. An information must conform to the statutory outlines given in section 46-11-401, MCA. In this case the record reveals that the information conformed with this statute with the exception that the information was signed by a special attorney general rather than the county attorney. This deviation in procedure, however, is specifically allowed by section 13-37-113, MCA.

The failure to recite the fact that the county attorney was offered the opportunity to prosecute this case is not jurisdictional. In State v. Logan (1970), 156 Mont. 48, 473 P.2d 833, the county attorney failed to file a supporting affidavit for leave to file an information as is required by section 46-11-201, MCA. This Court held that this was not a jurisdictional defect. 156 Mont. at 54. The Court found that the record disclosed sufficient facts to establish probable cause despite the absence of the supporting affidavit. In holding that this violation of the statute was not a jurisdictional defect this Court said, "This is patently a procedural matter, not a substantive issue involving the jurisdiction of the court." 156 Mont. at 55, 473 P.2d at 837.

In the instant case the respondent is not alleging that the State violated its duty by not offering the prosecution to the county attorney. Rather, the respondent is saying that the failure to recite such a fact is a jurisdictional defect. Logan indicates that where a procedural matter is involved which does not involve a substantive issue the District Court still has jurisdiction. It is apparent that the instant case involves a procedural matter which is not substantive.

The Logan rationale was followed in the case of State v. Emerson (1976), 169 Mont. 284, 546 P.2d 509. In Emerson the District Judge allowed an amended application and affidavit to be

- 4 -

filed to remedy omissions in the original affidavit.  This Court said:

> "Considering the affidavit accompanying the
> initial application for leave to file an Infor-
> mation and the amendment allowed by the district
> court, we find no error.  Admittedly section 95-
> 1301, R.C.M. 1947 [now section 46-11-201, MCA] re-
> quiring that the affidavit establish probable cause
> to believe that the offense has been committed
> was violated by the original affidavit.  This,
> however, is patently a procedural matter, not a
> substantive issue involving the jurisdiction of
> the court.  State v. Logan, 156 Mont. 48, 55, 473
> P.2d 833."  169 Mont. at 289, 546 P.2d at 511.

In addition to these cases, there is also statutory auth-
ority to the effect that a technical defect in a charge will not
require a dismissal.  Section 46-11-403(3), MCA states:  "No
charge shall be dismissed because of a formal defect which does
not tend to prejudice a substantial right of a defendant."

Respondent does not argue that any of his substantial rights
have been prejudiced.  The affidavit and information fully inform
him of the offense with which he is being charged.  He will have
his chance to defend himself at any eventual hearing or trial on
this matter.  None of respondent's substantial rights have been
prejudiced in this matter.  Here it is clear that there was no de-
fect which would deprive the District Court of jurisdiction.

Having decided the first issue in this manner it is unneces-
sary to discuss the second issue as that determination could not
affect the result in this case.

Reversed and remanded.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 5 -