No. 04-777

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 288

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

PATRICK FAVI,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-2004-76,
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Patrick Favi, *Pro Se*, Tustin, California

        For Respondent:

        Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

        Marty Lambert, County Attorney; Jami L. Rebsom, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  July 5, 2005

Decided:  November 15, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Defendant Patrick Favi appeals from the Order of the Eighteenth Judicial District Court, Gallatin County, denying his motion to withdraw his guilty plea of July 12, 1999. We affirm.

¶2 We consider the following issue on appeal:

¶3 Does Patrick Favi have "good cause" to withdraw his July 12, 1999, guilty plea under § 46-16-105(2), MCA (1997)?

BACKGROUND

¶4 In the spring of 1999 the State of Montana charged Defendant Patrick Favi (Favi) with unlawful possession of an intoxicating substance in violation of § 45-5-624, MCA (1997), criminal possession of drug paraphernalia in violation of § 45-10-103, MCA (1997), and criminal possession of dangerous drugs in violation of § 45-9-102, MCA (1997). Appearing *pro se*, and after waiving his right to counsel for the purposes of entering a plea, Favi pled "not guilty" to all three charges on May 7, 1999. Thereafter Favi requested appointed counsel and the Justice Court, Gallatin County, appointed Leanne Schraudner to represent Favi in the proceedings. The order appointing counsel specifically required Favi to establish immediate contact with appointed counsel and to contact her at least every other week.

¶5 Upon her appointment, Schraudner immediately pursued discovery of the State's case on Favi's behalf. Though given a copy of the court's order which appointed Schraudner and explained his obligations to contact her, Favi failed to do so. As a result, Schraudner filed a motion to withdraw as counsel on June 29, 1999. That motion was denied on June 30,

2

1999, whereupon Schraudner continued her representation of Favi, evidenced by her filing of additional pleadings. However, for failing to contact his attorney, Favi was held in contempt by the Justice Court, which issued a bench warrant for Favi's arrest. The sheriff's department executed that warrant and arrested Favi on July 7, 1999.

¶6 Two days later, on July 9, 1999, Favi appeared before the Justice Court to answer to the contempt charges. At the hearing, presided over by Justice of the Peace G. L. Smith, he pled "true" to contempt for failing to contact his attorney, and received one day of jail time as a result. Also at that hearing, Favi asked the court to change his plea on the drug charges from "not guilty" to "guilty." Judge Smith scheduled a hearing for that purpose the next week, on July 12, 1999.

¶7 Favi appeared as scheduled, without counsel, at the hearing, presided over by Justice of the Peace Scott Wyckman. Judge Wyckman advised Favi of his rights and the consequences of both the waiver of his rights and his plea of guilty. Favi acknowledged his right to counsel in writing and the waiver of that right by entering a guilty plea. Satisfied as to the voluntariness of Favi's pleas to the charges, Judge Wyckman accepted them and sentenced Favi to six months in jail, suspended on the conditions that Favi serve two days in jail and complete the ACT Drug Program. Having previously served two days in jail, Favi was granted credit for time served and released.

¶8 Favi did not enter the ACT Drug Program as required and was arrested twice between July 1999 and December 1999 for contempt of court. A final arrest warrant issued in January 2000 was recalled after Favi satisfied the conditions of his suspended sentence.

3

¶9     This case lay dormant for about four years, until December 10, 2003, when Favi filed

a motion with the Justice Court to withdraw his guilty plea. The Justice Court denied Favi's

motion to withdraw his plea on January 23, 2004, finding no "good cause" for allowing the

plea withdrawal. Favi appealed to the District Court, which also denied the motion. Favi

appeals.

STANDARD OF REVIEW

¶10     On a denial of a motion to withdraw plea, we review the district court's findings of

fact to determine if they are clearly erroneous, and the court's conclusions of law to

determine if they are correct. *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, ¶ 24,

114 P.3d 254, ¶ 24. The question of whether a plea is voluntary is a mixed question of law

and fact, and we review such questions *de novo*, determining whether the district court's

holding was correct. *Warclub*, ¶ 24. *See also State v. Lone Elk*, 2005 MT 56, ¶ 10, 326

Mont. 214, ¶ 10, 108 P.3d 500, ¶ 10.

DISCUSSION

¶11     Section 46-16-105(2), MCA (1997), permits a defendant to withdraw a guilty plea,

before or after judgment is entered, if "good cause" is shown. Section 46-16-105(2), MCA

(1997). In *Lone Elk*, this Court confirmed that, notwithstanding the "good cause" standard,

guilty pleas must be voluntary, knowing, and intelligent as required by the United States

Supreme Court in *Bousley v. United States* (1998), 523 U.S. 614, 618, 118 S.Ct. 1604, 1609,

140 L.Ed.2d 828, 837, and *Brady v. United States* (1970), 397 U.S. 742, 748, 90 S.Ct. 1463,

1469, 25 L.Ed.2d 747, 756. *Lone Elk*, ¶ 13, ¶ 21; *see also State v. Bowley* (1997), 282 Mont.

4

298, 309, 938 P.2d 592, 598. "[A] guilty plea is a grave and solemn act to be accepted only with care and discernment . . . ." *Brady*, 397 U.S. at 748, 90 S.Ct. at 1468, 25 L.Ed.2d at 756.

¶12    Thus, the first question presented is whether Favi's January 12, 1999, plea of guilty was voluntary, knowing, and intelligent as required by *Brady*, 397 U.S. at 748, 90 S.Ct. at 1469, 25 L.Ed.2d at 756. *Warclub*, ¶ 18. As noted by the High Court in *Brady*,

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady*, 397 U.S. at 755, 90 S.Ct. at 1472, 25 L.Ed.2d at 760, citing *Shelton v. United States* (5th Cir. 1957), 242 F.2d 102, 115.

¶13    Here, it is clear from the record that Favi was fully aware of the consequences of his action. The District Court found that Judge Wyckman advised Favi of his rights and the consequences of waiving those rights on July 12, 1999. The evidence included the Acknowledgment of Waiver of Rights by Plea of Guilty signed by Favi, in which he acknowledged his right to counsel, that he was waiving that right, and that he knew what he was doing in waiving his rights. Favi's own affidavit states:

> 8. I waived counsel because I believed, under the circumstances, that my relationship with my lawyer had ended, if not formally, at least from a productive standpoint. I believed my lawyer would not act in my best interest.

5

Although Favi's affidavit also averred that he pled guilty because he was intimidated and ignorant of the consequences of his plea, the findings of the District Court on this point are to the contrary. The District Court found that Favi never explained his alleged "ignorance," and instead signed a document indicating that he fully understood the proceedings.

¶14 Favi further argues that his colloquy with Judge Wyckman was insufficient to allow him to make an informed decision regarding his guilty plea. The District Court, however, found to the contrary. In so finding, the District Court relied on the affidavit of Judge Wyckman, which stated:

> 9. I would not have accepted Mr. Favi's guilty plea had he not stated sufficient facts to support the conviction for the charges against him, and exhibited a clear understanding of the charges against him, the potential penalties and his rights.

¶15 The colloquy between Judge Wyckman and Favi on July 12, 1999, also advised Favi of his rights, including the right to counsel, and the consequences of his plea. It was this information which Favi acknowledged advisement of by signing the Acknowledgment and by agreeing to waive his rights and plead guilty. Instead of pointing to specific deficiencies in the colloquy, however, Favi simply claims that he did not actually understand the predicament that he faced on July 12, 1999. Still, he offered little evidence to the District Court in support of his claimed confusion. In fact, he offered an affidavit which, if anything, confirms that his decision to plead guilty was calculated, knowing, and in his best interest as he perceived it at that time. Finally, there is no evidence contemporary to the July 1999 proceedings which suggests Favi did not understand or appreciate those proceedings in full. Instead, his argument attains merit only if the evidence offered to the District Court by the

6

State is ignored. Consequently, we hold that the July 12, 1999 colloquy between Favi and Judge Wyckman sufficiently apprised Favi of his rights and the consequences of his plea, and further, that Favi's guilty plea was voluntary, knowing, and intelligent under *Brady*.

¶16 The remaining question is whether there is any other factor, aside from the voluntariness of his plea, which constitutes "good cause" to allow Favi to withdraw his plea under § 46-16-105(2), MCA (1997). Favi argues that, by breaching ethical obligations, his counsel ineffectively represented him in the 1999 proceeding leading to his guilty plea. After review, we conclude this argument is contradicted by the findings of the District Court and is without merit.

¶17 Favi points to his counsel's motion to withdraw from representation as a violation of ethical rules and professional standards for attorneys, and asserts that the motion eroded the attorney-client relationship to such an extent that his guilty plea should be considered sufficiently spoiled to constitute "good cause." When examined in the context of the proceeding, this assertion does not satisfy the good cause requirements of § 46-16-105(2), MCA (1997).

¶18 The record shows that Favi both failed to immediately contact his attorney, and to maintain regular contact with his attorney, as specifically required by the court's order. It was Favi's disobedience of the court's order which led to counsel's motion to withdraw and ultimately to Favi's contempt citation.

¶19     Favi retrospectively interprets his attorney's actions as a breach of trust and confidentiality.[1]   However, it was Favi's repeated failure to obey the specific provisions of the court's order which resulted in his contempt citation.  Furthermore, after the contempt proceeding, Favi's criminal proceeding resumed and Favi later returned to court for the hearing on his request to change his plea.  At that time, Favi acknowledged that he was "satisfied with the services" of his attorney and wanted to proceed without her.

¶20     This case is unlike *State v. Jones* (1996), 278 Mont. 121, 923 P.2d 560, offered by Favi, where counsel sought to withdraw because of his expressed belief in his client's guilt, and found it necessary to communicate this belief in detail to the judge.  *Jones*, 278 Mont. at 131-32, 923 P.2d at 566-67.  We held that the attorney had abandoned his role as advocate, and appeared to be working for the prosecution.  *Jones*, 278 Mont. at 133, 923 P.2d at 567.  In contrast, defense counsel's representation of Favi in this matter was diligent, and she moved for withdrawal only when Favi would not contact her.  Thus, unlike *Jones*, defense counsel did not betray Favi's position with regard to the pending charges.

¶21     Favi's motion to withdraw his plea comes nearly four and a half years after his original guilty plea.  Within that time period, multiple warrants were issued for Favi's arrest because of his violation of sentence conditions.  Favi failed to raise the validity of his plea,

---

[1]While we find this argument relevant to Favi's attempt to establish good cause, *see Schuff v. A.T. Klemens and Son*, 2000 MT 357, ¶ 35, 303 Mont. 274, ¶ 35, 16 P.3d 1002, ¶ 35 ("a trial court may consider attorney violations of the Rules of Professional Conduct if that misconduct results in prejudice or adversely impacts the rights of the parties in the case pending before it"), we also note that the District Court would have been without jurisdiction to, and this Court does not now, in the context of this appeal, resolve the claimed violation of ethical rules. *See Schuff*, ¶ 34.

despite these post-judgment contacts with the court system. Ultimately, Favi even completed his sentence without raising an issue of its validity. Though we no longer look to timeliness in isolation as a dispositive factor, the timeliness of one's motion to withdraw a plea is nonetheless a "case-specific consideration" which reflects on the credibility of the motion. *See State v. Muhammad*, 2005 MT 234, ¶ 24, 328 Mont. 397, ¶ 24, ___ P. 3d ___, ¶ 24; *Lone Elk*, ¶ 23; *Warclub*, ¶ 19. Without evidence of the reason for the delay, we cannot ignore the more than four years which passed after Favi's plea before he moved to withdraw it.

CONCLUSION

¶22 The District Court found Favi's July 12, 1999, guilty plea to be voluntary, knowing, and intelligent, and was satisfied that the colloquy between Judge Wyckman and Favi on that date was sufficient in every respect to apprise the Defendant of his rights and the consequences of his impending guilty plea. Further, it found no other "good cause" to allow withdrawal of the plea. We conclude the District Court did not err in so holding.

¶23 Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON