JUSTICE NELSON
concurs.
¶54 I concur in the Court’s resolution of this case. I write separately for the primary purpose of suggesting that we address inconsistent precedents regarding the standard of review.

Standard of Review

¶55 Our jurisprudence in this area of the law has not been consistent. While I reach the same result as does the Court, I write separately to suggest that these kinds of cases would be better analyzed under a uniform standard of review. In addressing Issue One-the District Court’s denial of Holt’s motion to dismiss Counts I and III-the Court uses a de novo standard of review. The Court cites State v. Robinson, 2003 MT 364, ¶ 7, 319 Mont. 82, ¶ 7, 82 P.3d 27, ¶ 7, as authority for that standard of review. While that was the standard of review utilized in Robinson, unlike the case subjudice, the issue there did not involve determining whether counts in the information should be dismissed because probable cause for filing those counts was not set out in the affidavit supporting the motion for leave to file information. Rather, *440 the motion to dismiss in Robinson was grounded in a legal question-i.e., whether Robinson’s statements to a police officer constituted “fighting words” and were therefore not constitutionally protected speech. Robinson, ¶ 2. Robinson simply does not stand for the proposition that “the issue of whether certain facts in the affidavit should be excised is a question of law,” as the Court here suggests. Moreover, the issue of excising facts from an affidavit simply was not discussed in Robinson.
¶56 We have utilized two different standards in reviewing a district court’s grant or denial of a motion to dismiss an information on the ground that the supporting affidavit fails to establish probable cause. The standard of review used seems to depend largely on whether the alleged insufficiency in the affidavit is grounded in an underlying question of law or is based on an alleged failure to set forth sufficient factual data to support the charge. Our cases are not always clear in the apphcation of each standard; indeed, sometimes we are inconsistent.
¶57 By way of example, State ex rel. Bell v. District Court (1971), 157 Mont. 35, 482 P.2d 557, was decided on the basis of supervisory control. No standard of review was articulated, but it appears that the trial court’s decision was reviewed de novo. The decision addressed two issues regarding the State’s affidavit in support of its application for leave to file an information. The first was an issue of law-whether the affidavit was sufficient for the district court to determine whether it had jurisdiction. State ex rel. Bell, 157 Mont. at 37, 482 P.2d at 558. The second was a factual issue-whether the affidavit contained sufficient facts to establish probable cause for filing the information, given that it did not set forth the time and place of the alleged offense. State ex rel. Bell, 157 Mont. at 37-39, 482 P.2d at 558-59. In State ex rel. Murphy v. McKinnon (1976), 171 Mont. 120, 127, 556 P.2d 906, 910, also a supervisory control proceeding, this Court did not articulate a standard of review, but it is obvious that the Court utilized de novo review in determining that the affidavit supporting the motion for leave to file information lacked probable cause. The issue involved both legal and factual sufficiency-whether on the facts set forth, and given the statutory elements of the crime of deliberate homicide, Murphy could properly be charged with that offense. State ex rel. Murphy, 171 Mont. at 123-27, 556 P.2d at 908-10.
¶58 State v. Matthews (1979), 183 Mont. 405, 600 P.2d 188, a direct appeal, involved a question of law. Specifically, this Court considered whether the district court had jurisdiction over an action brought *441 under the Montana Campaign Finances and Practices Act, where the affidavit supporting the motion for leave to file information did not state that the case was first offered to the county attorney. Matthews, 183 Mont. at 406, 600 P.2d at 189. This Court examined the district court’s decision to dismiss the information de novo, but without articulating that standard of review. Matthews, 183 Mont. at 407-09, 600 P.2d at 189-90.
¶59 In State v. Riley (1982), 199 Mont. 413, 423, 649 P.2d 1273, 1278, a direct appeal, this Court addressed a claim that affidavits supporting a motion for leave to file information lacked sufficient factual data to support a charge of deliberate homicide. In doing so, the Court appears to have utilized an abuse of discretion standard, citing State v. Troglia (1971), 157 Mont. 22, 482 P.2d 143, for the proposition that “the reviewing court must give special deference to judicial probable cause determinations.” Riley, 199 Mont. at 423, 649 P.2d at 1278. The citation to Troglia was imprecise, to say the least, because that decision did not assess probable cause for filing an information, but rather, probable cause for issuance of a search warrant. Troglia, 157 Mont. at 27, 482 P.2d at 146. Indeed, the Riley Court observed that Troglia was grounded in Spinelli v. United States (1969), 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, a seminal search and seizure case. Riley, 199 Mont. at 423, 649 P.2d at 1278. Nonetheless, the Riley Court simply dumped both types of probable cause determinations into the same hopper. Riley, 199 Mont. at 423, 649 P.2d at 1278.
¶60 In State v. Bradford (1984), 210 Mont. 130, 683 P.2d 924, a direct appeal, this Court took some liberty with the “special deference” holding of Riley. We cited Riley for the proposition that “the determination whether a motion to file an information is supported by probable cause is left to the sound discretion of the trial court.” Bradford, 210 Mont. at 139, 683 P.2d at 929. Pursuant to this restatement oí Riley, we reasoned “[t]hus the scope of review is one of detecting abuse in the exercise of that discretion.” Bradford, 210 Mont. at 139, 683 P.2d at 929. The issue in Bradford was whether the facts alleged in the affidavit were sufficient under controlling case law to establish probable cause. Bradford, 210 Mont. at 138-40, 683 P.2d at 928-29. Thus, both factual and legal issues were decided using an abuse of discretion standard.
¶61 We followed this standard of review in State v. Buckingham (1989), 240 Mont. 252, 783 P.2d 1331, where we reviewed the district court’s decision regarding the factual sufficiency of the affidavit. Buckingham, 240 Mont. at 255-56, 783 P.2d at 1334 (citing Bradford, *442 210 Mont. at 139, 683 P.2d at 929). Likewise, State v. Ramstead (1990), 243 Mont. 162, 793 P.2d 802, involved a question of factual sufficiency and we applied the abuse of discretion standard. Ramstead, 243 Mont. at 166, 793 P.2d at 804 (citing Buckingham, 240 Mont. at 256, 783 P.2d at 1334; Bradford, 210 Mont. at 139, 683 P.2d at 929). In State v. Arrington (1993), 260 Mont. 1, 858 P.2d 343, we also applied the abuse of discretion standard in addressing a question of factual sufficiency of an affidavit in support of a motion for leave to file information. Arrington, 260 Mont. at 7-8, 858 P.2d at 346-47 (citing Bradford, 210 Mont. at 139, 683 P.2d at 929; Buckingham, 240 Mont. at 256, 783 P.2d at 1334).
¶62 State v. Elliott, 2002 MT 26, 308 Mont. 227, 43 P.3d 279, involved the factual and legal question of whether, in the absence of direct proof that the baby was born alive, the facts set forth in the affidavit for leave to file information would support the charge of deliberate homicide. Elliott, ¶¶ 23-31. We applied the abuse of discretion standard in reviewing both the factual and legal issues, and ultimately affirmed the district court’s denial of Elliot’s motion to dismiss for lack of probable cause. Elliott, ¶¶ 27, 31 (citing Arrington, 260 Mont. at 7, 858 P.2d at 346).
¶63 In State v. Thompson (1990), 243 Mont. 28, 33, 792 P.2d 1103, 1107, without articulating our standard of review, we affirmed the trial court’s decision granting the motion to dismiss the information for lack of probable cause, using what appears to be de novo review. The underlying problem seemed to include questions of both factual sufficiency and legal sufficiency-i.e., whether the statutes charged fit the conduct complained of. Thompson, 243 Mont. at 30-33, 792 P.2d at 1105-07. Similarly, in State v. Smith, 2004 MT 191, 322 Mont. 206, 95 P.3d 137, we used a de novo standard in reviewing the trial court’s denial of a motion to dismiss a count of the information. Smith, ¶ 12. In Smith, the question was whether the affidavit was insufficient in failing to state the required elements of the offense charged. Smith, ¶¶ 20, 27. We concluded that in failing to allege a critical fact-the identity of the intended victim, Hemandez-the affidavit was legally insufficient to support the crime charged. Smith, ¶¶ 30-31. Although involving both factual and legal insufficiency, we cited, as support for our de novo standard of review, State ex rel. Booth v. Montana, 1998 MT 344, ¶ 10, 292 Mont. 371, ¶ 10, 972 P.2d 325, ¶ 10, which in turn cited State v. Bowles (1997), 284 Mont. 490, 492, 947 P.2d 52, 53. Smith, ¶ 12. While State ex rel. Booth and Bowles both involved motions to dismiss, neither was grounded in a failure of the affidavit *443 to establish probable cause. State ex rel. Booth, ¶¶ 7-9 (whether charge was barred as being the result of same transaction and double jeopardy); Bowles, 284 Mont. at 492-93, 947 P.2d at 53 (whether an earlier DUI conviction would support the current felony DUI charge). ¶64 Finally, in State v. Villanueva, 2005 MT 192, 328 Mont. 135, 118 P.3d 179, we again addressed the issue of whether the State’s charging documents established sufficient probable cause. Villanueva, ¶ 2. Our articulated standard of review referred to the grant or denial of a motion to dismiss in a criminal case as being a question of law-i.e., a de novo standard-citing State v. Reynolds, 2004 MT 364, 324 Mont. 495, 104 P.3d 1056. Villanueva, ¶ 9. Reynolds dealt with the issue of whether the information should have been dismissed on the grounds of entrapment as a matter of law. Reynolds ¶¶ 2, 7, 10. In Villanueva, the insufficiency alleged was legal insufficiency. Villanueva, ¶¶ 10-12, 18. The first part of the issue addressed involved whether Villanueva was a “sexual offender” as a matter of law. Villanueva, ¶¶ 2, 16, 17. Similarly, as to the second part of the issue addressed-whether the information and supporting affidavit failed to establish sufficient probable cause to believe that Villanueva was required to register as a sex offender-the underlying question was really one of statutory interpretation. Villanueva, ¶¶ 2, 18-22.
¶65 Based upon the foregoing, I suggest that in assessing the sufficiency of probable cause in an affidavit supporting a motion for leave to file information, it is often difficult to categorize the question as being purely one of factual sufficiency (to which we apply an abuse of discretion standard of review) or purely one of legal sufficiency (to which we apply a de novo standard of review). Moreover, however we tend to categorize the issue (and that may often be simply in the eye of the beholder), we are not consistent in our application of a standard of review. Indeed, we have applied the de novo standard of review in cases involving questions of both factual and legal sufficiency, see, e.g., State ex rel. Bell, State ex rel. Murphy, Thompson, and Smith, as well as in cases involving only a question of legal sufficiency, see, e.g., Matthews and Villanueva. We have used the abuse of discretion standard of review in cases involving only a question of factual sufficiency, see e.g., Riley, Buckingham, Ramstead, and Arrington, and we have also used this standard of review in cases involving questions of both factual and legal sufficiency, see e.g., Bradford and Elliot.
¶66 I further suggest-and the conclusion I am driving toward-is that we should end the inconsistent use of these two standards of review in this area of our jurisprudence. Further, I suggest that we stop *444 categorizing these cases simply as questions of either factual sufficiency or legal sufficiency. In point of fact, every case that requires assessment of whether the affidavit supporting the motion for leave to file information contains sufficient facts to establish probable cause to support the crime or crimes charged, contains both a factual component and a legal component. Each case involves a set of unique facts and, as a matter of law, the recitation of some minimum quantum of those facts in the affidavit supporting the motion for leave to file information is necessary to establish the probability that the accused committed the crime or crimes to be charged. See Arrington, 260 Mont. at 6-7, 858 P.2d at 346; Elliott, ¶ 26.
¶67 It is simply impossible to determine whether probable cause has been established in either a factual or legal vacuum. In reality, this assessment is a mixed question of law and fact, which we review de novo. State v. Grixti, 2005 MT 296, ¶ 15, 329 Mont. 330, ¶ 15, 124 P.3d 177, ¶ 15; State v. Favi, 2005 MT 288, ¶ 10, 329 Mont. 273, ¶ 10, 124 P.3d 164, ¶ 10. We have, with minor exceptions not important here, applied the de novo standard in criminal cases where we consider mixed questions of law and fact, only in the context of ineffective assistance of counsel cases (see, e.g., Grixti, ¶ 15) and voluntariness of plea cases (see, e.g., Favi, ¶ 10). Nevertheless, given the nature of the assessment of both factual and legal issues required in determining the sufficiency of the probable cause affidavit, and given our inconsistent use of two different standards of review of trial court decisions on this issue, it makes sense to utilize one consistent de novo standard of review that encompasses both the factual and legal components of the problem.
¶68 I would hold in this case, and henceforth, that our standard of review where the question is whether the affidavit in support of a motion for leave to file an information directly in the district court is legally or factually sufficient, is a mixed question of law and fact that we will examine de novo. Furthermore, I would overrule the cases discussed above to the extent that they stand for a different standard of review.
¶69 I would apply this new standard of review in the case sub judice, as it typifies how the assessment of the sufficiency of probable cause involves both factual and legal components. Holt argues that, as a matter of law, his statements against interest cannot be used to establish probable cause absent corroboration. Holt also argues that absent his statements against interest, the affidavit does not include sufficient facts to establish probable cause for the crimes of theft *445 charged. In my view, Holt is wrong for the reasons set forth in the Court’s Opinion.

Restitution Order

¶70 Although I have serious reservations about the consistency of our jurisprudence applying the Lenihan exception, I am satisfied that Holt did not articulate a persuasive argument on appeal which would demonstrate that his sentence in this case falls within the seminal rule set forth in Lenihan. Moreover, if Holt has complaints as to the equity of the District Court’s sentence, those can be addressed by way of sentence review.

Corpus Delicti and Res Gestae

¶71 One final matter needs mention. The parties in their briefs argue the corpus delicti doctrine. In State v. Hansen, 1999 MT 253, 296 Mont. 282, 989 P.2d 338, we urged the practicing bar and the trial courts not to use the corpus delicti and res gestae doctrines in future cases. Following a lengthy discussion, we observed that such terms are vague, imprecise, and have been misinterpreted and misused in the past. Hansen, ¶ 96. Accordingly, we stated that henceforth we will review claims of error in the admission of evidence by determining whether the evidence was admissible under some provision of the Montana Code Annotated or under the Montana Rules of Evidence. Hansen, ¶ 96. Pursuant to Hansen, I believe we should reiterate that we reject the use of these terms whenever litigants present them for substantive purposes in appeals to this Court.
¶72 I concur.
CHIEF JUSTICE GRAY joins in the concurrence of JUSTICE NELSON.