FILED

09/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0708

DA 18-0708

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 233N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JUAN DE DIOS PORRAS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-17-401B
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Haley Connell Jackson, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Bjorn E. Boyer, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs: July 1, 2020

Decided: September 15, 2020

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Juan De Dios Porras appeals the Eighteenth Judicial District Court's order imposing restitution after his guilty plea and conviction of theft of construction tools. Porras challenges that portion of the order imposing restitution for the value of tools that were not listed in the charging documents, that he did not admit stealing, and for which he challenged the State's proof at the restitution hearing. We affirm.

¶3 Upon Information supported by an Affidavit of Probable Cause, Porras was charged with one count of theft for breaking into his former employer's construction trailer on or about September 7, 2017, and stealing tools. The Information alleged:

> Count 1, Theft, a Felony, in violation of § 45-6-301, MCA, committed on or about September 7, 2017, when the Defendant, Juan De Dios Porras, purposely or knowingly obtained or exerted unauthorized control over the property of another with the intent of depriving the owner of said property, to-wit: the Defendant stole various construction tools and pawned them at area pawn shops. The value of the property taken exceeds $5,000.

The Affidavit of Probable Cause identified fourteen tools with a total value of $17,780 that the employer reported stolen. By letter dated September 7, 2018, the State offered Porras a plea agreement under which the State would recommend a seven-year commitment to the Department of Corrections, all suspended, and seek restitution in specified amounts for a

total of $49,090, plus the restitution and prosecution fees and court costs. The offer allowed that Porras could request a restitution hearing to contest the amount the State alleged.

Porras accepted the offer and pleaded guilty to the one count, reserving the right to challenge the amount of restitution for which he was responsible. During the plea colloquy, the District Court reviewed the charge and the itemization of the State's claimed restitution. Porras acknowledged that the State could prove a value of the stolen tools in excess of $5,000. His counsel clarified, however, that his guilty plea was entered under *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970), because he did not agree with the itemized list or values of the additional tools the State claimed he had stolen. Porras admitted expressly to taking only "a demo saw, . . . a pipe laser, a regular laser, and a chainsaw."

¶4 At the restitution hearing, a representative from Porras's former employer testified that the employer had suffered a loss of approximately $56,000 from the theft of items that Porras had pawned and the theft of numerous other items that were never recovered. A representative of the employer's insurer testified to a list of missing items and the claimed losses, for which the insurer had paid the employer over $34,000. Porras admitted at the restitution hearing that he took the fourteen tools listed in the Affidavit of Probable Cause, which he valued at approximately $3,837.53, and denied taking additional items.

¶5 The District Court did not find Porras credible. Concluding that the State did not have to prove the theft of each item beyond a reasonable doubt, the District Court found by substantial evidence that Porras stole all items for which the State sought restitution.

After applying a set-off for the value of items returned, the District Court ordered Porras to pay restitution in the total amount of $46,975.22.

¶6 Porras argues that the District Court was authorized to impose restitution for only those losses caused by the criminal offense that he admitted, of which he was found guilty, or for which he agreed to pay. He argues that he entered an *Alford*-type guilty plea to one count of theft based on one break-in and that the District Court's authority was limited to imposing restitution for the loss of the fourteen tools of which the charging documents gave notice.

¶7 The State counters that Porras's *Alford* plea acknowledged the State could prove he had stolen additional tools. The State argues that its evidence linked Porras to the theft of additional tools sufficiently to hold him responsible for the loss of those tools and that the District Court consequently entered a correct amount of restitution.

¶8 This Court reviews conclusions and applications of law regarding criminal restitution orders for correctness. We review findings of fact on the amount of restitution for clear error. *State v. Pierre*, 2020 MT 160, ¶ 10, 400 Mont. 283, 466 P.3d 494 (internal citations omitted).

¶9 Convicted offenders are responsible for only those losses directly or indirectly caused by the offenses they committed or for which they are criminally accountable, or for losses they have agreed to pay. *Pierre*, ¶ 12 (internal citations omitted). A court:

> [M]ay find the requisite causal nexus for restitution, between an offender's admitted or adjudicated criminal conduct and the asserted victim loss, upon an admission, by implication from proof of the elements of the charged offense, upon victim affidavits included with a PSI, or upon other evidence presented at or incident to sentencing.

4

*Pierre*, ¶ 13 (internal citations omitted).

¶10 Porras likens his situation to that of the defendant in *State v. Simpson*, 2014 MT 175, 375 Mont. 393, 328 P.3d 1144. There, the defendant pleaded guilty to a single charge of theft for taking "radiators, scrap metal and automobile parts" and "a 1951 GMC Pickup and a 1940 Oldsmobile" from a salvage yard. *Simpson*, ¶¶ 5, 25. He argued on appeal that the court improperly imposed restitution for two aluminum boats. *Simpson*, ¶ 24. The victim of the alleged theft of the boats did not report the boats stolen until approximately one month after the defendant was charged. The charging documents against the defendant did not contain any reference to the aluminum boats, and the defendant denied stealing the boats. *Simpson*, ¶ 25. The defendant argued that although he agreed to pay restitution for charges dismissed under his plea agreement, he did not agree to pay for items he was not charged with stealing. *Simpson*, ¶ 24. Noting that "we have disallowed restitution for offenses that defendants have not admitted, been found guilty of or agreed to pay," we reversed that portion of the restitution order because the evidence did not establish that Simpson admitted to stealing the boats or agreed to pay for their loss. *Simpson*, ¶¶ 24-25.

¶11 Here, the State charged Porras with, and convicted him of, one count of theft under an Information that referred generally to "various" tools, with an affidavit that gave notice of fourteen identified items. Even though he denied stealing all of the tools for which the State sought restitution, Porras admitted to the charged theft as filed and agreed that if the case went to trial, the State could prove that the value of the tools he took would exceed the felony threshold limit of $5,000 in value. His situation does resemble Simpson's, but

not with respect to the aluminum boats. Simpson also challenged the sentencing court's restitution for "radiators," disputing that he stole the number of radiators for which the State sought restitution. But we held that "the District Court was entitled to reject his testimony" and had sufficient evidence for the value it imposed. *Simpson*, ¶¶ 20-21.

¶12 Porras contends nonetheless that the charging documents did not give him notice of the items the State later added. "An information is a written accusation of criminal conduct prepared by a prosecutor in the name of the State. The information must reasonably apprise the accused of the charges against him, so that he may have the opportunity to prepare and present his defense." *State v. Wilson*, 2007 MT 327, ¶ 25, 340 Mont. 191, 172 P.3d 1264 (quoting *State v. Allen*, 278 Mont. 326, 330, 925 P.2d 470, 472 (1996)). "The purpose of an affid[a]vit is to establish probable cause." *State v. Matthews*, 183 Mont. 405, 407, 600 P.2d 188, 189 (1979) (citing § 46-11-201(1), MCA). "The affidavit must include sufficient facts to convince a judge that there is probable cause to believe the named defendant may have committed the crime described in the information." *State v. Renz*, 192 Mont. 306, 309, 628 P.2d 644, 645 (1981) (citing § 46-11-201, MCA). *See also State v. Holt*, 2006 MT 151, ¶ 28, 332 Mont. 426, 139 P.3d 819. We read the information together with the affidavit of probable cause to determine the sufficiency of the charging documents. *Wilson*, ¶ 25. Here, the charging documents sufficiently articulated the charge and put Porras on notice that the State intended to prove that he stole more than $5,000 worth of tools from his employer's construction site. *See also, Wilson*, ¶¶ 8, 23-30 (holding that the State gave adequate notice when it charged Wilson with evidence tampering by "alter[ing], destroy[ing], conceal[ing,] or remov[ing] a blue Ford

6

Taurus automobile and its contents with the purpose to impair its veracity or availability in [a homicide] investigation" and then put on proof that she removed the alleged murder weapon from the Taurus; "the tampering charge encompasse[d] whatever was in the Taurus . . . that would have aided law enforcement in investigating the homicide[.]").

¶13    What's more, when it made its plea offer, the State gave Porras notice of the full value of items it alleged he took. Knowing of the State's intent to seek full restitution for all identified items, Porras accepted the State's offer and pleaded to the general theft of "various construction tools" as charged. At the plea colloquy hearing, the court and counsel discussed in detail the nature and limits of Porras's admissions. Defense counsel began with this summary of the defense's position:

> [T]his is a partial Alford Plea because of the disputed amount, specifically, and this is not a secret to the State or Mr. Boyer, the number of things taken by Mr. Porras for the value, *he will admit to stealing items, but we're going to just let the State establish the -- what they would think they could prove for the value and then we'll handle that as far as the contested restitution hearing goes*. [Emphasis added.]

Thus, defense counsel's opening explanation was that the parties disputed the value of stolen items, but did so as a matter of restitution, not as a disagreement with the charge as alleged in the Information. Defense counsel questioned Porras:

> MR. MILLER: So, Mr. Porras . . . did you steal various construction tools from an employer?
>
> MR. PORRAS: Yes, I did.
>
> MR. MILLER: And what are -- what were those that you took?
>
> MR. PORRAS: It was a demo saw, it was a pipe laser, a regular laser, and a chainsaw.

7

MR. MILLER:  And those are the things that you pawned?

MR. PORRAS:  Those are the things I pawned, things I took.

¶14    The District Court followed up:

THE COURT:  So do—are you expecting to establish—I guess I don't understand the contest over value.  Did you establish a value that he's willing to accept responsibility for, Mr. Miller?

MR. MILLER:  No, Your Honor.  Because the—it's hard to put a specific figure on market value of these tools, so we're just going to essentially stipulate to the State's assertion that if it went to trial, they would prove that it was greater than $5,000.

¶15    Thus, as he did in his opening summary, defense counsel came back to the charge as stated in the Information, explaining that Porras would be stipulating broadly that the State could prove its allegation that Porras had stolen tools valued more than $5,000.  Counsel did not make any objection or motion challenging the wording of the Information.  Section 46-11-401, MCA.  The District Court then asked the State to provide, for purposes of the *Alford* plea, its offer of proof.  The prosecutor responded:

[T]he State would establish that the Defendant did, in fact, steal . . . and the property value that the State has proof of and intends to argue at the restitution hearing is a total amount of $49,090 and that is in excess of the $5,000 making it a felony theft.

¶16    The District Court turned to the Defendant:

THE COURT:  Mr. Porras, you just heard the statement from the County Attorney's Office. Do you believe it is likely that the jury would find you guilty of this offense based on the amounts as represented by Ms. Salo?

MR. PORRAS:  For the total amount of $49. . .

MR. MILLER:  That it would exceed $5,000.

MR. PORRAS:  Yeah, yeah, that it would exceed 5,000.

8

¶17 Thus, Porras himself likewise returned to the charge as alleged in the Information, and allocuted to the theft of tools with an open value exceeding $5,000. The District Court then restated the basis for the plea and found Porras guilty of Count 1 of the Information:

> The Defendant has admitted to the majority of the factual elements of the crime with respect to the financial matter on the amount in controversy and over the $49,000 amount that Ms. Salo discussed. The Defendant believes there is a factual basis for the plea because after his review of the State's case against him, it is likely the jury would find him guilty and his plea of guilty is entered in his best interest. Therefore, the Court accepts the Defendant's plea of guilty and finds the Defendant guilty of Count 1, Theft, a Felony, in violation of 45-6-301.

¶18 The record thus establishes that the parties ultimately did what they agreed to do under the plea agreement: Porras entered a guilty plea to the crime as charged in the Information—theft of tools with an open, unspecified amount over $5,000—and, consistent with the parties' agreement and the charged offense, the State made an offer of proof for purpose of the *Alford* plea that it could prove an amount approximating $49,000. The State also gave notice of its intent to seek this amount in restitution, and Porras reserved the right to contest the total amount as a matter of restitution.

¶19 Absent a showing of clear error, we afford deference to the District Court's credibility determinations and to its finding that Porras did in fact take the items his employer identified as missing. *See Simpson*, ¶ 18. We agree with the State that it presented sufficient evidence to support the court's determination of the restitution award. Porras's "admitted or adjudicated criminal conduct" encompassed the conduct charged— theft of "various construction tools" exceeding $5,000 in value. *See Pierre*, ¶ 13. Thus, though Porras entered an *Alford* plea, all of the restitution sought by the State came within

9

the crime as charged in the Information and to which he ultimately pleaded guilty, thus constituting losses for which Porras was "criminally accountable." *Pierre*, ¶ 12.

¶20   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.   Porras's appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.   We conclude that the District Court lawfully imposed restitution for the items sought by the State and that the evidence supported its findings.   The judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE