
DA 11-0726

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 118N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

HEATHER ERIN WYLIE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DC-09-155
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Heather Erin Wylie (Self-Represented), Billings, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

        Catherine Truman, Special Deputy Butte-Silver Bow County Attorney,
Helena, Montana

Submitted on Briefs:  May 9, 2012

Decided:  May 29, 2012

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1       Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2       Heather Wylie appeals an order of the District Court for the Second Judicial District, Butte-Silver Bow County, denying her motion to withdraw the guilty pleas she entered on two felony counts of theft.  We affirm.

¶3       Wylie raises four issues on appeal which we have consolidated into the following two issues:

¶4       1.  Is Wylie's appeal of the denial of her petition for postconviction relief properly before this Court?

¶5       2.  Did the trial court correctly deny Wylie's motion to withdraw her guilty pleas?

**Factual and Procedural Background**

¶6       Wylie was charged by Information on October 16, 2009, with Count 1:  Theft, Common Scheme, a felony, as specified in § 45-6-301(1)(a), MCA; and Count 2: Forgery, a felony, as specified in § 45-6-325(1)(a), MCA.  The Information alleged that during the almost four years that Wylie worked for Dan Sweeney, an attorney in Butte, she stole money from his accounts as well as the accounts of his clients.  The Information also alleged that Wylie altered checks belonging to both Sweeney and to his clients.

2

¶7 On March 11, 2010, Wylie filed a motion to join this case with a case in Lewis and Clark County involving similar charges. She also moved for a change of venue from Butte-Silver Bow County to Lewis and Clark County. The court denied her motions. On July 20, 2010, the State filed an Amended Information in this case wherein it also charged Wylie with Count 3: Theft, a felony, as specified in § 45-6-301(1)(a), MCA.

¶8 Wylie entered into a Plea Agreement and Acknowledgment of Rights on July 28, 2010, wherein she agreed to plead guilty to the two felony theft charges in Butte-Silver Bow County, and the State agreed to dismiss the charge of felony forgery. The State also agreed to recommend a ten-year sentence on each count, to run consecutively. In addition, as part of a "global" plea agreement, the State agreed to recommend a ten-year suspended sentence on the charges in Lewis and Clark County, to run consecutively to the charges in this case.

¶9 On August 5, 2010, the Butte-Silver Bow County District Court conducted an extensive plea colloquy with Wylie. When the court was satisfied that Wylie was acting knowingly and voluntarily, it allowed Wylie to change her pleas to guilty on both counts of felony theft, and the State dismissed the forgery count.

¶10 At the October 28, 2010 sentencing hearing, the Butte-Silver Bow County District Court sentenced Wylie to two ten-year consecutive sentences. The court also ordered Wylie to pay more than $154,000 in restitution. Wylie did not appeal the court's judgment and sentence. Wylie also filed a petition for post conviction relief, but the court denied her petition. Wylie did not appeal that decision either.

3

¶11 On October 13, 2011, Wylie filed a pro se motion to withdraw her guilty pleas in Butte-Silver Bow County pursuant to § 46-16-105, MCA. The District Court determined that Wylie failed to show that her guilty pleas were involuntary. Thus, the court did not find good cause for withdrawal of Wylie's pleas, and denied her motion. Wylie now appeals the court's order denying her motion to withdraw her guilty pleas.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶13 **Issue 1:** *Is Wylie's appeal of the denial of her petition for postconviction relief properly before this Court?*

¶14 Along with appealing the denial of her motion to withdraw her guilty pleas, Wylie attempts to appeal the denial of her petition for postconviction relief. However, Wylie never filed a notice of appeal regarding the denial of her petition as required by M. R. App. P. 4(2)(a) ("An appeal is taken by timely filing a notice of appeal in accordance with rule 10(1) of these rules in the office of the clerk of the supreme court . . . ."). The only notice of appeal filed in this case relates to the trial court's judgment on Wylie's motion to withdraw her guilty pleas. Consequently, this Court lacks jurisdiction to hear the appeal of Wylie's petition for postconviction relief. M. R. App. P. 4(2)(c) ("Except where the supreme court grants an out-of-time appeal under section (6) of this rule, the timely filing of a notice of appeal or cross-appeal is required in order to invoke the appellate jurisdiction of the supreme court.").

¶15 **Issue 2:** *Did the trial court correctly deny Wylie's motion to withdraw her guilty pleas?*

4

¶16 We review a district court's denial of a motion to withdraw a guilty plea de novo, as the issue of whether a plea was entered voluntarily is a mixed question of law and fact. *State v. LeMay*, 2011 MT 323, ¶ 51, 363 Mont. 172, 266 P.3d 1278.

¶17 If good cause is shown, a trial court may, "[a]t any time before judgment" or "within 1 year after judgment becomes final," permit a defendant to withdraw her guilty plea and substitute a plea of not guilty. Section 46-16-105(2), MCA. Involuntariness of a defendant's plea constitutes good cause for the withdrawal of the plea. *State v. Warclub*, 2005 MT 149, ¶ 16, 327 Mont. 352, 114 P.3d 254.

¶18 We will not overturn a district court's denial of a motion to withdraw a guilty plea "if the defendant was aware of the direct consequences of such a plea, and if his plea was not induced by threats, misrepresentation, or an improper promise such as a bribe." *State v. McFarlane*, 2008 MT 18, ¶ 17, 341 Mont. 166, 176 P.3d 1057 (citing *Warclub*, ¶ 32; *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)). This Court has previously held that a written acknowledgment of the defendant's rights, combined with oral questioning of the defendant at a change of plea hearing, constitutes adequate interrogation demonstrating that the defendant's plea was voluntary. *State v. Wilson*, 1999 MT 52, ¶ 17, 293 Mont. 429, 976 P.2d 962.

¶19 In the instant case, even though Wylie filed her motion to withdraw her guilty pleas within one year after the judgment became final, *see* § 46-16-105(2), MCA, her motion was made well over a year after she changed her pleas to guilty. "Though we no longer look to timeliness in isolation as a dispositive factor, the timeliness of one's motion to withdraw a plea is nonetheless a 'case-specific consideration' which reflects on

5

the credibility of the motion." *State v. Favi*, 2005 MT 288, ¶ 21, 329 Mont. 273, 124 P.3d 164. Here, it was only after the court denied Wylie's motion to reconsider restitution and her petition for postconviction relief that she attempted to withdraw her guilty pleas.

¶20 Moreover, a review of the written acknowledgment signed by Wylie, combined with a review of the oral questioning of Wylie at the change of plea hearing, demonstrates that Wylie was more than adequately advised of the rights she would be giving up on entering her guilty pleas. It also demonstrates that she was aware of the direct consequences of her guilty pleas, and that she "was not induced by threats, misrepresentation, or an improper promise such as a bribe." Moreover, Wylie received the benefit of the plea agreement when the State dismissed the felony forgery charge that carried a possible penalty of 20 years in prison.

¶21 We conclude in this case, that the District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶22 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE